By the Court,
Garvin, J.
It is alleged and set forth in the complaint, that the defendant, by means of certain false and fraudulent representations, with intent to cheat and defraud the plaintiff, obtained her indorsement upon a certain draft drawn by the treasurer of the United States, for the sum of $5850, belonging to the estate of F. C. Gray, deceased, and payable to the joint order of the plaintiff, as administratrix, and John Cook, Jr. administrator, as representatives of the deceased. The false representations stated in the complaint are : “ That he had no intention of taking, and would not take the proceeds of said draft to California, but assured the plaintiff upon his' word of honor, that after paying off the claims or liens upon said fund or claim or draft, at Washington, he would immediately return the remainder of the proceeds of said draft to the plaintiff, and would advise the plaintiff how to invest the same; that he wanted the plaintiff to indorse said draft to enable him, the defendant, to pay off said claim or liens upon said draft or fund at Washington, and if the plaintiff undertook to settle with the claimants, they would cheat her badly.” That relying solely upon these false and fraudulent statements, the plaintiff indorsed the draft, and entrusted the same to the defendant. The plaintiff also alleges that by means of these representations she Was injured, and suffered damage. The defendant, in his answer, denied all the allegations óf the complaint, in regard! to these representations ; and set forth new matter constituting a defense. The action was brought to trial before a justice of this court and a jury. Upon the plaintiff’s case, as made by the evidence, the, complaint was dismissed upon two grounds. The first ground was that the action could not be sustained upon the *504 allegations in the complaint and the evidence. This action being for fraud and deceit alleged to .have been practiced upon the plaintiff by the defendant, through certain false and fraudulent representations, the plaintiff was bound by all the rules of law governing such cases, to prove his case, as stated in the complaint, provided it embraced a cause of action. And, whether it did or not, she could not, upon the trial, give evidence of false and fraudulent representations that she had not complained of. If no cause of action was stated in the complaint, the same rule must prevail; so that, in either case, the plaintiff must be confined, in actions of this description, to proof of the facts alleged. By answering, the defendant waives many objections to the complaint, but he does not waive 'the objection that the complaint does not state facts sufficient to constitute a cause of action. Thus the cause was presented to the court at the trial. It was held by the learned judge, after hearing the evidence for the plaintiff, that the action could not be sustained upon the allegations in the complaint and the evidence. The manifest reason for this ruling was that neither the plaintiff’s pleadings or proofs made out a cause of action. It was not the fault of the pleader; doubtless, all the representations which had been made by the defendant were set forth in the complaint, and proved on the trial; but they are not sufficient upon which to base an action for fraud in procuring the indorsement of the plaintiff’s name upon the draft. To be actionable, the representation must be of some fact alleged to exist at the time, and made for the purpose of inducement. 'The representation by the defendant that he would not take the proceeds of the draft to California, and would immediately return the' remainder of the proceeds to the plaintiff, and would advise the plaintiff how to invest the same. Even if he intended, at the • time it was made, to repudiate, his promise was not of such a character as to make him responsible in this action. The other representations are of the same description. They are all promises for future conduct ; and not representations of existing facts. This view of the complaint and evidence sustains and fully accords with *505 the first ground upon which the complaint was dismissed, and is also decisive of the main objections taken to, and rejection of evidence offered by the plaintiff. Most of the evidence offered by the plaintiff, and rejected, would have been entirely immaterial, by reason of the absence of any cause of action in the complaint. The other ground upon which the complaint was dismissed is equally conclusive against the plaintiff. Having elected by her action, to pursue Cook to a judgment for the same identical draft, and the proceeds thereof^ she cannot now look to Palmer. The plaintiff has made her election, and by it she must abide. It may not be improper to further remark that the draft came lawfully into the possession of the defendant, together with the proceeds thereof, which bars a recovery for either in an action for fraud in obtaining the draft, or tort for the conversion of the proceeds.. The complaint was properly'dismissed; and the judgment should be affirmed, with costs.