THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. CHARLES H. LAURENCE, APPELLANT.

*Larceny by means of false pretenses — pretenses and representations concerning future
actions only are insufficient.*

Neither at common law nor under the Penal Code do statements of pretenses and
representations, in the nature only of promises or agreements, and relating
wholly to future actions or events, constitute false pretenses; and such state-
ments will not support an indictment purporting to charge the crime of larceny
committed by means of false pretenses and representations.

Where such an indictment contains no charge that the defendant committed the
crime of larceny, except by means of the alleged false pretenses and representa-
tions therein described, which are insufficient because they concern the future
only, it cannot be sustained as a common-law indictment for larceny, rejecting
the allegations of false pretenses as surplusages, but must be held to fail to
charge any crime.

APPEAL by the defendant Charles H. Laurence from a judgment
of the Court of Sessions of Niagara County, entered on the 28th
day of June, 1892, in the clerk's office of said county, convicting
the defendant of the crime of grand larceny in the first degree.

The following is the text of the indictment:

"The grand jury of the county of Niagara, by this indictment,
accuse Charles H. Laurence of the crime of grand larceny in the
first degree, committed as follows:

"That the said Charles H. Laurence, on or about the tenth day
of August, in the year of our Lord one thousand eight hundred and
ninety-one, at the city of Lockport, within said county of Niagara,
with force and arms, with intent to deprive and defraud the Lock-
port Street Railroad Company, a corporation duly organized and
existing under and by virtue of the laws of the State of New York,
of the proper goods and chattels hereinafter mentioned, and of the use
and benefit thereof, and to appropriate the same to the use and benefit
of him, the said Charles H. Laurence, did then and there feloniously,
falsely and fraudulenly pretend and represent to the said Lockport
Street Railroad Company, if the said Lockport Street Railroad
Company would permit him, the said Charles H. Laurence, to ship
to Buffalo two of the horse-cars, numbered, respectively, seven (7)
and eight (8) of the said Lockport Street Railroad Company; that

he, the said Charles H. Laurence, would have the said two horse-cars so transformed that they might be run by electricity as a motive power instead of by horse power, and return the said two cars so transformed to the barn of the said Lockport Street Railroad Company, in Lockport, with all possible speed and ready and fit to be used upon the tracks of the said Lockport Street Railroad Company, before the 1st day of January, 1892, and the said Lockport Street Railroad Company then and there believing the said false pretenses and representations so made as aforesaid by the said Charles H. Laurence, and being deceived thereby was induced by reason of the false pretenses and representations so made as aforesaid to deliver, and did then and there deliver to the said Charles H. Laurence the said two horse-cars numbered, respectively, seven (7) and eight (8) of the said Lockport Street Railroad Company of the proper goods, chattels and personal property of the said Lockport Street Railroad Company, and the said Charles H. Laurence did then and there feloniously receive and obtain the said proper goods, chattels and personal property of the said Lockport Street Railroad Company, by means of the false pretenses and representations as aforesaid, with intent to deprive and defraud the said Lockport Street Railroad Company, feloniously and of the use and benefit thereof, and to appropriate the same to his own use.

" Whereas, in truth and in fact, the said Charles H. Laurence did not then, nor at any time, ship to Buffalo the said two horse-cars, numbered, respectively, seven (7) and eight (8), to be transformed so that they might be run by electricity as a motive power instead of by horse power, and did not intend to have the said two horse-cars so transformed, and did not return or intend to return the said two horse-cars, so transformed, to the barn of the said Lockport Street Railroad Company, in the said city of Lockport, with all possible speed, and ready and fit to be used upon the tracks of the said Lockport Street Railroad Company, before the 1st day of January, 1892, and has never since returned the said cars to the Lockport Street Railroad Company, but sold the said two horse-cars and appropriated the proceeds thereof to his own use and benefit.

" And whereas, in truth and in fact, the pretenses and representations so made as aforesaid by the said Charles H. Laurence to the said Lockport Street Railroad Company, were then and there in all

respects utterly false and untrue, as he, the said Charles H. Laurence, at the time of making the same, then and there, well knew.

"And the said Charles H. Laurence, on the day and in the year aforesaid, at the city of Lockport, within the said county of Niagara aforesaid, in the manner and form aforesaid, and by the means aforesaid, obtained from the possession of the owner thereof, the said Lockport Street Railroad Company, the said two horse-cars, numbered, respectively, seven (7) and eight (8), of the worth and value of three hundred and seventy-five dollars, each car, with intent to deprive and defraud the true owner, the said Lockport Street Railroad Company, of its property and of the use and benefit thereof, and to appropriate the same to the use of him, the said Charles H. Laurence, and the said two horse-cars, he, the said Charles H. Laurence, from the possession of the true owners thereof, the said Lockport Street Railroad Company, by means of the false pretenses and representations, so made as aforesaid, feloniously, did steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

"P. F. KING,
"*District Attorney of Niagara County.*"

*R. Crowley,* for the appellant.

*P. F. King,* district attorney, for the respondent.

DWIGHT, P. J.:

We are of opinion that the indictment in this case charges no offense. It purports to charge the crime of larceny committed by means of false pretenses and representations. But the facts stated do not constitute that offense. The pretenses and representations alleged are in the nature only of promises or agreements, and relate wholly to future actions or events; it is elementary that not even fraud can be predicated of representations concerning the future. (*Gray* v. *Palmer,* 2 Robt , 500 ; affirmed, Ct. of App. (41 N. Y., 620.) Neither at common law, nor under the Penal Code of this State, do such statements constitute false pretenses. (*Ranney* v. *The People,* 22 N. Y., 413 ; *The People* v. *Blanchard,* 90 id., 314.)

But the district attorney argues that, though the allegations purporting to charge false pretenses are not sufficient for that purpose, they may be treated as surplusage, and the residue will be sufficient to charge larceny at common law ; and this, we may suppose, was the effect of the decision of the learned trial court given in response to a motion to direct a verdict of not guilty in the following terms : " We have reached the conclusion that this indictment is sustainable as an indictment *vi et armis*, not as an indictment for obtaining the property by false pretense." And so, perhaps, it might have been if, as the district attorney assumes, it anywhere charged the defendant with obtaining possession of the property by means of the alleged false pretense, and afterwards, with felonious intent, appropriating it to his own use ; or even if it anywhere charged him in general terms with stealing, taking and carrying away the property without making it a part of the charge that it was done by means of the alleged false pretenses and representations. But such is not the case. There is the charge that the defendant obtained possession of the property by the false pretenses and representations alleged ; but this is coupled only with the charge that possession was thus obtained *with the intent* to appropriate it to his own use, and there is nowhere the allegation that, after so obtaining the possession, he did actually so appropriate.

So, also, it is charged in the last paragraph of the indictment, that the defendant did steal, take and carry away the property in question, " contrary to the form of the statute," etc., but this, it is expressly alleged he did, " by means of the false pretenses and representations aforesaid." It is impossible to find in the indictment any charge that the defendant committed the crime of larceny, except by means of the alleged false pretenses and representations therein described ; and since those pretenses and representations were not of a character upon which crime could be predicated, we conclude that no crime was charged in the indictment.

The judgment and conviction should be reversed and the defendant discharged.

MACOMBER and LEWIS, JJ., concurred.

Judgment and conviction of the Court of Sessions of Niagara county appealed from reversed, and the defendant discharged.